UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEX SALVAGNO | : | Case No. 17-cv-2059(MPS) |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| D.K. WILLIAMS, WARDEN, | : | |
|     Respondent. | : | March 12, 2018 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Local Civil Rule 7(a)(1), the respondent, D.K. Williams, respectfully submits this memorandum in support of the motion to dismiss for lack of subject matter jurisdiction filed contemporaneously herewith. As set forth in greater detail below, the court lacks subject matter jurisdiction over the petition in this case because: (1) the petition does not state a viable claim under 28 U.S.C. § 1441 seeking 28 U.S.C. § 2255-type relief; and (2) even if it did, the petition does not fall within the "limited circumstances" under which a petitioner may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the legality of his sentence.

I.    Background

The background facts concerning the underlying prosecution of the petitioner and his substantial efforts to secure postconviction relief are extensive, and the following recitation is taken from the Government's October 13, 2016 response to the petitioner's application seeking leave from the Second Circuit to file a second or successive motion pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), filed by the United States

Attorney's Office for the Northern District of New York.  (See Salvagno v. United States, Docket No. 16-2071 (2d Cir.), document no. 12-1, 10/13/2016, pp. 3-5.)

"On January 15, 2003, a federal grand jury in the Northern District of New York returned a second superseding indictment charging Salvagno with a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) [Count One]; a conspiracy to violate the Clean Air Act and Toxic Substances Control Act, in violation of 18 U.S.C. § 371 [Count Two]; multiple violations of the Clean Air Act, in violation of 42 U.S.C. § 7413(c) [Counts Three through Eleven]; and three counts of filing false personal income tax returns, in violation of 26 U.S.C. § 7206(1) [Counts Twelve through Fourteen].  Other defendants were charged in some of the counts.

"On November 12, 2003, jury selection began. . . . On November 18, 2003, the jury was sworn and trial began. . . . On March 30, 2004, the jury returned guilty verdicts as to Salvagno on all counts. . . . On December 23, 2004, the district court sentenced Salvagno principally to a term of twenty 20 years' imprisonment on Count One, five years' imprisonment on each of Counts Two through Eleven, and three years' imprisonment on each of Counts Twelve through Fourteen, with the terms on Counts Two through Fourteen to be concurrent to each other but consecutive to the term on Count One, for a total term of twenty-five years' (300 months) imprisonment, followed by a 36-month supervised release term. . . . Judgment was entered on January 28, 2005. . . .

"On June 2, 2005, upon government motion, this Court remanded the case to the district court for possible resentencing in light of United States v. Booker, 543 U.S. 220

(2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). . . . On August 30, 2006, the district court imposed the same custodial sentence and supervised release term. . . . An amended judgment was entered on September 7, 2006. . . . Salvagno filed a notice of appeal on August 30, 2006. . . . [The Second Circuit] affirmed the district court's judgment of conviction and sentence in United States v. Salvagno, 343 F. App'x 702 (2d Cir. 2009) (summary order). . . .

On July 7, 2010, Salvagno filed a motion to vacate pursuant to 28 U.S.C. § 2255. . . . On December 10, 2010, Salvagno filed a supplemental motion to vacate. . . . By court order, this supplemental motion substituted for his original § 2255 motion. . . . On July 25, 2013, the district court denied the motion and declined to issue a certificate of appealability. . . . On October 14, 2014, [the Second Circuit] denied Salvagno's request for a certificate of appealability. . . . On June 22, 2016, Salvagno filed a second motion pursuant to 28 U.S.C. § 2255. . . . The district court denied the motion due to Salvagno's failure to obtain certification from" the Second Circuit.

On December 12, 2016, the Second Circuit denied the petitioner's application for leave to file a successive § 2255 motion. (See id., document no. 33.)

On February 22, 2017, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking reconsideration of a denial by the Bureau of Prisons of a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); this court dismissed that petition on November 7, 2017. (See Salvagno v. Director, No. 3:17-cv-318(MPS), Order, 11/07/17.)

On December 11, 2017, the petitioner filed the § 2241 petition in this case.

II.     Legal Standards

Pursuant to 28 U.S.C. § 2241, "the federal courts have the power to grant writs of habeas corpus . . . on behalf of . . . prisoners who are in custody in violation of the Constitution or laws or treaties of the United States." Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) (citation omitted; internal quotation marks omitted). Pursuant to 28 U.S.C. § 2255, "a federal prisoner may seek release upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." Id. (internal quotation marks omitted).

"Despite their overlapping language and the generality of § 2241, the two sections have been construed as address[ing] different types of claims," with § 2241 applying to the "execution" of a prisoner's sentence and § 2255 applying to the "imposition" of a prisoner's sentence. See id. (alteration in original; internal quotation marks omitted).

Nevertheless, "[i]n some very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241." Id. at 378; see also 28 U.S.C. § 2255(e) (writ of habeas corpus not authorized "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). Specifically, the Second Circuit has held that "[w]here relief through § 2255 is unavailable as a procedural matter, and . . . the failure to allow for collateral review would raise serious constitutional questions . . . we have interpreted § 2255's exception for 'inadequate or ineffective' remedy as making an exception to the general rule that a federal prisoner must use § 2255 instead of seeking a writ of habeas corpus under § 2241." Poindexter, 333 F.3d at 378.

4

To satisfy that requirement, the Second Circuit has stated:

> In order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255 . . . [t]he application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is prov[able] . . . on the existing record, and (b) could not have effectively [been] raised . . . at an earlier time.

Id.

III.   Argument

    A.   The Petitioner's Sentence is Not in Violation of Federal Law

As discussed above, courts in this circuit have recognized that challenges to the imposition of a prisoner's sentence (as in this case) properly are brought pursuant to § 2255, though there are limited circumstances by which a procedurally foreclosed § 2255 claim may be brought pursuant to § 2241.  But as the Second Circuit has observed, those types of claims nevertheless implicate the "substantive scope of § 2255"; Poindexter, 333 F.3d at 378; even though they are brought through § 2241.  See id. (noting "[l]imited [a]vailability of § 2241 for § 2255-[t]ype [c]laims").  In this case, however, the petition would not satisfy § 2255 on the merits because it does not raise a viable claim that the petitioner's "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255.

In a recent case raising an analogous challenge to a guidelines decision by the sentencing court, Judge Underhill concluded that the petitioner in that case failed to raise a viable claim under § 2255; see Reed v. United States, No. 3:16-CV-01356 (SRU), 2017

5

WL 5573151, at *5 (D. Conn. Nov. 20, 2017); and the petition in this case suffers from the same defects as that in Reed.

"[C]ollateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks omitted). In an effort to satisfy that standard, the petitioner characterizes the error alleged in the petition as constitutional, relying on Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690 (1948), and Second Circuit cases citing it, for the proposition that a sentencing court's reliance on "materially untrue" information or "misinformation" violates due process. (See Pet., 11-12.) But by its own terms, Townsend found a due process violation where the court employed flawed procedures in sentencing an uncounseled defendant based on reliance on "assumptions concerning [the defendant's] criminal record which were materially untrue." Id. Indeed, the Townsend court expressly acknowledged that inadequate procedures largely drove its decision, observing that "even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law." Id.

In this case, the petitioner (represented by counsel at his initial sentencing) was afforded ample "opportunity to rebut allegations" concerning the application of Sentencing Guidelines § 2Q1.2(b)(2); see United States v. Lee, 818 F.2d 1052, 1056 (2d Cir. 1987); and he availed himself of that opportunity in putting on substantial evidence and argument to that effect. (See United States v. Salvagno, 5:02-CR-51 (N.D.N.Y.),

document no. 395, at 20-85 (Nov. 14, 2004).)  In consideration of that evidence, the sentencing court concluded that § 2Q1.2(b)(2) applied to the petitioner's conduct; and while the petitioner argues that the sentencing court's conclusion was incorrect, that claim does not implicate "'an objectively ascertainable error'" by the sentencing court. King v. Hoke, 825 F.2d 720, 725 (2d Cir. 1987) (quoting United States v. Addonizio, 442 U.S. 178, 187, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979)).

As such, even assuming that the petitioner's allegations were true, the petition does not state a viable claim for constitutional error in his sentencing, and section 2255-type relief therefore would only be appropriate in this case if there were an error that "constitute[d] a fundamental defect which inherently results in complete miscarriage of justice."  Graziano, 83 F.3d at 590.  As was the case with the petitioner in Reed, the petitioner in this case cannot satisfy that standard.

First, the petitioner cannot demonstrate that there even was an error by the sentencing court in applying the relevant provision of the Sentencing Guidelines. Specifically, the petitioner claims that the sentencing court erred in applying § 2Q1.2(b)(2) of the Guidelines, which provides: "If the offense resulted in a substantial likelihood of death or serious bodily injury, increase [the defendant's offense level] by 9 levels."  United States Sentencing Commission, Guidelines Manual, § 2Q1.2(b)(2) (Nov. 2000).  The Second Circuit has construed this Guidelines provision to apply if a defendant's "violations made it considerably more likely that a person would develop an injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty, or requiring medical intervention such as

surgery, hospitalization, or physical rehabilitation." United States v. Thorn, 317 F.3d 107, 117 (2d Cir. 2003).  Importantly, the Thorn court also held that "[t]o trigger the enhancement, death or serious bodily injury need not result from the offense conduct; in fact, such actual death or serious bodily injury could warrant an upward departure under the Guideline." Id. at 117-18.

As Thorn makes clear, § 2Q1.2(b)(2) simply does not operate in the manner suggested by the petitioner; that is, the provision asks the sentencing court to look at the "likelihood of death or serious bodily injury" based on the evidence presented at the time. It neither requires the court to conclude that death or serious bodily injury is certain to result, nor contemplates that a court will revisit the relevant inquiry many years after sentencing to retrospectively decide whether the provision should have applied in the first place.  Consequently, the petitioner's argument that § 2Q1.2(b)(2) should not have applied to him because (allegedly) death or serious bodily injury has not resulted from his conduct misconstrues the Sentencing Guidelines, and because the petitioner does not present a viable theory of error under the Guidelines, § 2255-type relief by way of § 2241 is not warranted.

Second, even assuming, arguendo, that the sentencing court did err in applying § 2Q1.2(b)(2) of the Sentencing Guidelines, that alleged error has not resulted in a complete miscarriage of justice because "'[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding.'" Reed, 2017 WL 5573151, at *6 (alterations in original) (quoting United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015)).  This is because "[t]he Sentencing

8

Guidelines are 'advisory' and 'do not constrain [courts'] discretion"; "[a]s a result, misapplication of the Sentencing Guidelines generally 'do[es] not amount to a complete miscarriage of justice.'" Reed, 2017 WL 5573151, at *6 (quoting Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 894, 197 L. Ed. 2d 145 (2017), and Graziano, 83 F.3d at 590). As such, where the sentencing court allegedly errs in calculating the defendant's advisory Sentencing Guidelines range, but where, as here, the court sentences the defendant within the relevant statutory limits, there is no miscarriage of justice.

For the foregoing reasons, then, the petition does not state a viable § 2255 claim, and the petitioner's efforts to secure § 2255-type relief by way of his § 2241 petition necessarily fails.

### B.    The Petition Does Not Satisfy the Exception Under Which the Petitioner May Seek Relief Pursuant to 28 U.S.C. § 2241

Even if the petition did state a viable claim for § 2255-type relief, however, it does not present a claim that falls within the limited class of petitions for such relief that may be brought pursuant to § 2241. As set forth earlier, in order to prosecute his claim under § 2241 rather than § 2255, the petitioner must satisfy four criteria: (1) the petition must be procedurally barred by § 2255; (2) the petition must assert a claim of actual innocence; (3) the claim must be provable on the existing record; and (4) the claim could not have effectively been raised at an earlier time. In this case, the petition only satisfies the first requirement, and the court therefore lacks jurisdiction to consider it.

First, as the petition reveals, the petitioner already has filed an initial motion under 28 U.S.C. § 2255 (see Pet., 4), and another motion pursuant to § 2255 would be treated as successive for purposes of the statute. While 28 U.S.C. § 2255(h) does allow

for a successive motion in some limited circumstances, neither exception applies to this case.  (See id., 8 (stating that "a remedy by a 2255 motion is unavailable").

Second, the petition does not assert a claim of actual innocence, notwithstanding the petitioner's arguments to the contrary.  At the outset, it is worth noting that the petitioner concedes that "[h]e does not claim innocence of the RICO, Clean Air Act (CAA) & Tax crimes for which he was convicted."  (Pet., 7.)  He does claim, however, that he is "actually innocent" of § 2Q1.2(b)(2) of the Sentencing Guidelines, which the court concluded was satisfied when the petitioner was sentenced.  That provision, discussed in greater detail above, provides: "If the offense resulted in a substantial likelihood of death or serious bodily injury, increase [the defendant's offense level] by 9 levels."

The plaintiff, relying on Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162 (2d Cir. 2000), argues that his petition properly asserts a claim of actual innocence with respect to a sentencing enhancement.  (See Pet., 4.)  He is wrong, however, because even setting aside the questionable applicability of Spence to conduct other than the commission of a criminal offense, the petitioner cannot show that the alleged error he cites in this case – misapplication of § 2Q1.2(b)(2) of the Sentencing Guidelines – improperly rendered him eligible for the sentence that he received.  Cf. Spence, 219 F.3d at 172 ("actual innocence inquiry will focus on the reliability of those facts that make defendant eligible for a harsher sentence") and ("no reasonable finder of fact could have determined that [the defendant] committed a criminal act . . . that would have made him eligible for a harsher sentence").  In this case, there is no question that the

10

petitioner was eligible for the sentence received irrespective of the applicability of the relevant Guidelines provision because the sentence imposed fell within the statutory limits of the offenses of which the petitioner was convicted.  Consequently, the petitioner's claim does not constitute "a claim of 'actual innocence' as that term is used . . . in habeas jurisprudence generally."  Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003).[1]

Regardless, even if the petitioner were correct that a claimed misapplication of any provision of the advisory Sentencing Guidelines could serve as a claim of actual innocence in the Second Circuit, the petitioner does not newly claim that he is innocent of § 2Q1.2(b)(2).  As discussed previously; see supra pp. 7-8; the petitioner's argument that the Guidelines provision should not apply to him because his conduct did not, in retrospect, result in serious bodily injury or death misinterprets that provision as interpreted by the Second Circuit; see United States v. Thorn, 317 F.3d 107, 117 (2d Cir. 2003); and as such, he does not even claim that he is "actually innocent" of the conduct to which § 2Q1.2(b)(2) applies.

---

[1] The Court in Spence also appears to have been concerned with the effect that the constitutional error had on the entirety of the sentencing proceedings.  See Spence, 291 F.3d at 171 ("Due to a constitutional error at that hearing, the trial court did not ask the right question – whether [the defendant] more likely than not committed the second criminal act – and thereby did not adduce the facts fully relevant to that inquiry.").  Because of that effect, the court held "that in these circumstances, the actual innocence exception applies to the sentencing phase of a noncapital trial."  Id.  In this case, however, there is no claim that the court sentencing the petitioner conducted the wrong inquiry, asked the wrong question, or heard the wrong evidence; rather, the petitioner claims that the sentencing court, making a Guidelines determination in a contested proceeding where both sides presented evidence, simply got it wrong.  That claim does not rise to a claim of "actual innocence" to allow a § 2241 petition for § 2255-type relief, even under Spence.

Third, the petitioner's claim is not provable on the existing record for similar reasons to those discussed above. The record as it stands includes the same competing expert testimony that was presented at the petitioner's original sentencing, with the addition of an affidavit claiming that there have been no asbestos-related worker's compensation claims from employees of the relevant companies. (Pet., Ex. 1.) The record does not, however, disprove that the petitioner's offense "resulted in a substantial likelihood of death or serious bodily injury," the standard under the applicable Guidelines provision. See § 2Q1.2(b)(2). Indeed, the petitioner appears to recognize that the existing record is insufficient to prove his claims since he asks the court to "set the matter for resentencing" or to schedule an evidentiary hearing (Pet., 28), at which proceedings he, presumably, would attempt to show that § 2Q1.2(b)(2) should not apply to his offense.

Fourth, while the petitioner contends that he could not have raised this claim earlier (see Pet., 9), that argument reveals the same misunderstanding about the Guidelines provision as discussed above. Moreover, the record reveals that the petitioner's attorney in the sentencing phase argued at length in opposition to the applicability of § 2Q1.2(b)(2), an issue that also was raised in the petitioner's direct appeal. (See United States v. Salvagno, No. 06-4201 (2d Cir.), Brief of Defendant-Appellant, 2008 WL 6153930, at *117.) Specifically, while the petitioner argues that the factual bases for his claims were not revealed until fifteen years passed from the date of the relevant conduct, that contention demonstrates again that the petitioner fails to appreciate the difference between proving that his offense "resulted in a substantial

likelihood of death or serious bodily injury" (which under the Guidelines would result in a nine-level increase to the offense level) and proving that his offense <u>actually caused</u> death or serious bodily injury (which showing is not required by the Guidelines and which the Guidelines suggest should result in an upward departure).

In this case, the record reveals that the petitioner, through counsel, made substantial arguments in opposition to the Government's proof on this topic in the course of the sentencing proceeding and on his direct appeal. Quite simply, the petitioner was never barred from arguing that the Government's proof was insufficient as to the likelihood that his conduct would cause serious injury or death, and the record illustrates that the petitioner argued that point at length. Since that is the inquiry that the sentencing court was required to address, and since the petitioner did raise a claim regarding that inquiry, he cannot meet this requirement for § 2241 relief.

IV.     <u>Conclusion</u>

On the substance, the petitioner does not raise a viable claim that his sentence is in violation of the law, and in terms of procedure, he cannot raise his claim through § 2241 because the failure to allow collateral review of the petitioner's sentence does not raise "serious constitutional questions" such that resort to § 2241 is permissible. Consequently, the court lacks jurisdiction to consider the petitioner's claims, and the petition should be dismissed.

>Respectfully submitted,
>
>John H. Durham
>United States Attorney
>
>\_\_\_/s/_____
>John W. Larson (ct28797)
>Assistant United States Attorney
>United States Attorney's Office
>District of Connecticut
>450 Main Street, Room 328
>Hartford, CT 06103
>T:  (860) 947-1101
>F:  (860) 760-7979
>john.larson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, a copy of the foregoing was sent by mail to the petitioner at the following address:

Alex Salvagno
#11212-058
Danbury Federal Correctional Institution
Inmate Mail/Parcels
Route 37
Danbury, CT 06811

>\_\_\_/s/_____
>John W. Larson