UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEX SALVAGNO | : | Case No. 17-cv-2059(MPS) |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| D.K. WILLIAMS, WARDEN, | : | |
|     Respondent. | : | April 24, 2018 |

## **REPLY TO RESPONSE TO MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(d), the respondent respectfully submits this reply to the petitioner's April 10, 2018 response to the respondent's motion to dismiss.

## **I.    The Petition Does Not Raise a Constitutional Violation**

In his opposition, the petitioner disclaims that he is alleging that the court misapplied Sentencing Guidelines § 2Q1.2(b)(2) when sentencing him. (See Pet. Opp., at 3.) Rather, the petitioner claims that "the court made an objectively ascertainable constitutional error during sentencing," which apparently was reliance on alleged "material misinformation provided by the Government." (Id. at 2.) The claimed "material misinformation" took the form of estimates of fiber counts offered by the Government and extensively challenged by the petitioner at his sentencing, which estimates the petitioner now claims once again – nearly fourteen years later – to have been wrong.[1] (Id. at 3.) That claim, however, simply does not present a constitutional

---

[1] Among other problems with the petitioner's argument, it is unclear how a factual finding among competing fiber count estimates could ever be deemed "an objectively ascertainable constitutional error" made at sentencing.

violation for the reasons discussed in the respondent's memorandum (see Resp. Mem., at 6-7) and again below.

In attempting to graft a constitutional element onto his challenge to the court's sentencing determination, the petitioner largely cites the same line of cases he relied on in his initial memorandum. (See Pet. Opp., at 5.) But while these cases may discuss in general terms issues pertaining to "misinformation" in sentencing, none comes close to supporting the claim raised by the petitioner in this case. See Townsend v. Burke, 334 U.S. 736, 740, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690 (1948) (violation where court sentenced uncounseled defendant based on objectively incorrect "assumptions concerning his criminal record"); United States v. Pugliese, 805 F.2d 1117, 1124 (2d Cir. 1986) (violation where court expressed "a fixed view based on the presentence report made prior to a hearing"); King v. Hoke, 825 F.2d 720, 725 (2d Cir. 1987) (violation where "the sentencing judge made an 'objectively ascertainable error,' [United States v. Addonizio, 442 U.S. 178, 187, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979)], about King's minimum statutory parole eligibility date" due to reliance on repealed statute).[2]

In sum, the petitioner cites no law, and the undersigned was unable to find any, in which a due process violation was found based on a later challenge to a sentencing

---

[2]The petitioner also cites Gayle v. Mann, 966 F.2d 81, 84 (2d Cir. 1992), but only for the proposition set forth by King, as well as Molina-Martinez v. United States, 136 S. Ct. 1338, 1346, 194 L. Ed. 2d 444 (2016). The petitioner selectively quotes the Supreme Court's decision in Molina-Martinez to imply that any error in calculating a defendant's Guidelines range violates the Constitution. (See Pet. Opp., at 5.) The actual quote provides that a "retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation." Id. (emphasis added). Those issues are not raised by the petitioner in this case.

court's factual findings when confronted with contested evidence presented at the time of sentencing. Instead, the case law consistently emphasizes the fairness of the procedures afforded a defendant in considering a due process challenge and the correction, if necessary, of "an objectively ascertainable error" by the sentencing court. King, 825 F.2d at 725. The procedures in this case easily comported with due process, and the sentencing court here did not make any objective error that was ascertainable at the time of sentencing.

Specifically, the record in this case reveals that the trial court held eleven days of sentencing hearings in connection with the petitioner's case, and the appropriateness of applying Guidelines § 2Q1.2(b)(2) appears to have been the primary issue in dispute. At those hearings, the court took evidence and heard testimony from witnesses from both the Government and the petitioner, who was represented by counsel. That evidence included testimony elicited by the Government regarding estimates of the fiber counts experienced by the petitioner's employees, which estimates were necessary because, as the Government argued, the petitioner and his co-defendants "falsified years of OSHA personals and other air monitoring analyses to conceal actual levels of contamination." United States v. Salvagno, No. 06-4201 (2d Cir.), Brief of United States-Appellee, 2008 WL 8126993 (C.A.2), at *157. Based on those estimates, Government witnesses testified that many employees were substantially likely to suffer serious bodily injury or death.

In opposition below, the petitioner argued vociferously that the Government's claims were too speculative and that both the estimated fiber counts and estimated conclusions based on those counts were insufficiently rooted in the facts of the case and

the relevant scientific principles. Nevertheless, after those extensive proceedings, and in consideration of the contested evidence offered during them, the sentencing court ultimately concluded that the defendant's misconduct "resulted in a substantial likelihood of death or serious bodily injury" and applied the Guidelines provision accordingly. The petitioner appealed, making similar arguments to those presented to the trial court, and the Second Circuit affirmed, disposing of that claim in a single sentence in an unpublished decision. See United States v. Salvagno, 343 F. App'x 702, 705 (2d Cir. 2009).

The petitioner, now believing that he has a better argument than he did in 2004, would like a second bite at the apple, but the record illustrates that he received a fair hearing that comports with due process (indeed, it is difficult to imagine a trial court being more thorough in considering the application of a single provision of the Guidelines). Nowhere does the petitioner offer support for the conclusion that procedures of this character violate a defendant's constitutional rights; cf. Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255, 92 L. Ed. 1690 (1948) ("even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law"); and nowhere does he demonstrate that the sentencing court made any objective error that was ascertainable at the time of sentencing.

Without those showings, the petitioner cannot demonstrate constitutional error, and because the petition does not raise a colorable constitutional violation, it should be dismissed.

## II.     The Petition Fails to Satisfy the § 2241 Exception for § 2255-type Relief

Even if the petition were to state a viable constitutional claim, it still should be dismissed because this is not one of the "very limited circumstances" in which a petition may be brought pursuant to § 2241 for § 2255-type relief.  Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003).

Much of the petitioner's response discusses the "actual innocence" element of the § 2241 inquiry, and as in his initial memorandum, the petitioner claims that Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162 (2d Cir. 2000) supports his claim that he is "actually innocent" of putting his employees at substantial risk of death or serious bodily injury.  (See Pet. Opp., at 9-10.)  The petitioner, however, misreads both Spence and the respondent's motion to dismiss.  Contrary to the petitioner's argument, it was not Spence's statutory eligibility for an extended prison sentence that was at issue in that case; rather, it was whether he was eligible for the conditional sentence imposed by the trial court, which sentence hinged on his compliance with a "no misconduct" agreement.  Id., 166-68.  While the defendant in Spence simply was not eligible for an increased sentence if he complied with the terms of the agreement, the petitioner in this case at all times was eligible for the sentence he received.

Apart from the discussion of Spence, the petitioner fails to demonstrate on this record that he is actually innocent of the applicable Guidelines provision.  The petitioner repeatedly insists that he does not misconstrue § 2Q1.2(b)(2) of the Guidelines when arguing that the alleged lack of actual death or serious bodily injury that resulted from his misconduct means that the court erred in sentencing him.  (Pet. Opp., 10.)  In that effort,

5

the petitioner adds an additional intermediate step to the argument, which change he believes should result in a finding of actual innocence. In other words, the petitioner denies that his purported new evidence directly implicates § 2Q1.2(b)(2); instead, he argues that the purported new evidence proves that the Government's witnesses at his sentencing hearing were wrong in their estimates and predictions, and that incorrect information improperly led to the application of § 2Q1.2(b)(2) and the sentence imposed. (Id., 3.)

But regardless of how the petitioner tries to frame the issue, he is taking the alleged fact that no death or serious bodily injury <u>actually</u> resulted from his misconduct as proof that such misconduct did not "result[] in a substantial <u>likelihood</u> of death or serious bodily injury." United States Sentencing Commission, Guidelines Manual, § 2Q1.2(b)(2) (Nov. 2000) (emphasis added). That argument, however, is foreclosed by <u>United States v. Thorn</u>, 317 F.3d 107, 117 (2d Cir. 2003) (discussed in greater detail in the respondent's prior memorandum), which observed "that the evidence may not have established with any certainty that . . . workers actually 'suffered serious bodily injury or death,' . . . is not germane to our analysis" of the Guidelines provision. Id. at 118.

Here, the petitioner argues that the evidence purporting to show that no employees have suffered death or serious bodily injury proves that no workers were ever placed at risk by the petitioner's misconduct.[3]  (See, e.g., Pet. Opp., 3.)  The sentencing

---

[3]The respondent has serious doubts that the petitioner's evidence conclusively establishes that none of the petitioner's workforce ever suffered serious bodily injury as a result of the petitioner's offenses, which conclusion would require a far more detailed showing than a two-page affidavit from the petitioner's former insurance broker. That failure, of course, also goes to the petitioner's ability to prove actual innocence "on the

6

judge in this case – who was in by far the best position to make that determination – did not agree after an extraordinarily thorough hearing, and the Second Circuit has plainly and unequivocally drawn a distinction between actual injury (which is the subject of the petitioner's evidence) and the risk of injury (which is the subject of the Guidelines provision and was the subject of the petitioner's sentencing hearing).  As such, "actual innocence" is not applicable in the manner contemplated by the petitioner, and he has failed to prove actual innocence on this record in any event.

Accordingly, for the foregoing reasons, and those set forth in the respondent's initial memorandum, the respondent respectfully urges the court to dismiss the petition.

    Respectfully submitted,

    John H. Durham
    United States Attorney

    __/s/_____
    John W. Larson (ct28797)
    Assistant United States Attorney
    United States Attorney's Office
    District of Connecticut
    450 Main Street, Room 328
    Hartford, CT 06103
    T:  (860) 947-1101
    F:  (860) 760-7979
    john.larson@usdoj.gov

---

existing record."  Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003).  But even assuming, arguendo, that the petitioner's exhibit proves what he says it does, the petition should still be dismissed for the reasons set forth in the respondent's papers.

CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2018, a copy of the foregoing was sent by mail to the petitioner at the following address:

Alex Salvagno
#11212-052
Danbury Federal Correctional Institution
Inmate Mail/Parcels
Route 37
Danbury, CT 06811

                                                  /s/_____
                                                  John W. Larson