UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2019 JAN 28 P 1:01

US DISTRICT COURT
HARTFORD CT

ALEX SALVAGNO,

    Petitioner,

        v.                    Case No. 3:17-cv-2059

(MPS)

DK Williams, Warden,

    Respondent

## MOTION TO VACATE JUDGEMENT, PROVIDE
## RECORDS, AND AMEND PLEADING

### RELIEF SOUGHT

Alex Salvagno, the pro se petitioner, moves the Court to: (1) vacate its Judgement, ECF# 17, entered January 10, 2019 (2) provide Petitioner with sentencing related records in the underlying criminal case and (3) permit him to amend his Petition following his being provided with the requested records of the underlying case.

### AUTHORITY

The Court has authority to vacate judgment under F.R.Civ.P. 59(e) & 60(b); to provide the requested records under Habeas Rule 5, F.R.Civ.P 5(a), 12(a) & 81.2, and the Due Process Clause; to grant leave to allow Petitioner to amend the Petition under F.R.Civ. 15.  Under the rules of liberal

construction, the Court should invoke any other rules or
authority that may be available to grant the requested
relief.

## LEGAL STANDARD

A.  VACATE.  Rule 59(e) permits a party to motion to
vacate within 28 days of entry of judgment.  See F.R.Civ.P
50(e).  To merit relief, a party must show, inter alia, "the
need to correct clear error or prevent manifest injustice."
Virgin Atl. Airways, Ltd. v Nat'l Mediation Bd., 956 F.2d
1245, 1255 (2nd Cir 1992).  "Reconsideration will generally be
denied unless the moving party can point to controlling
decisions or data that the court overlooked." Shrader v CSX
Transp. Inc., 70 F.3d 255, 257 (2nd Cir 1995).

Under F.R.Civ.P 60(b), courts may relieve a party from
final judgment for the following reasons (1) mistake,
inadvertence, surprise, or excusable neglect (2) newly
discovered evidence (3) fraud by opposing party (4) the
judgment is void (5) the judgment has been satisfied or (6)
any other reason that justifies relief. See F.R.Civ.P 60(b).
Motions brought under 60(b)(1), (2) or (3), must be made
within one year of the entry of judgment. See F.R.Civ.P
60(c)(1).  All other 60(b) motions must be made within a
reasonable time. Id.

B.  PETITION AMENDMENT AFTER FINAL JUDGMENT.  "[T]he
Federal Rules of Civil Procedure provide that courts 'should
freely give leave' to amend a complaint 'when justice so
requires.'" Williams v Citigroup, 659 F.3d 208, 212-213 (2nd

Cir 2011)(Citing Fed.R.Civ.P 15(a)(2)).  "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" Williams, 659 F.3d at 212-213 (citing NY v Green, 420 F.3d 99, 104 (2nd Cir 2005).  "Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by consideration of finality.  As a procedural matter, '[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)." Williams, 659 F.3d 213 (citing Rutolo v City of NY, 514 F.3d 184, 191 (2nd Cir 2018).

Second Circuit "precedents make clear, however, that considerations of finality do not always foreclose the possibility of amendment, even when leave to replead is not sought until after the entry of judgment.  Thus, [it has] stated that 'in view of the provisions in rule 15(a) that 'leave [to amend] shall be freely given when justice so requires,' it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." Williams, 659 F.3d at 212 (citing Rutolo, 514 F.3d at 191).

The Williams panel found the Supreme Court's decision in Foman v Davis, 371 US 178 (1962), "particularly instructive in this respect."  It explained that "Foman involved an action to enforce an alleged oral agreement regarding the amount that the plaintiff stood to inherit from her father's estate.  The district court dismissed the complaint for failure to state a claim ... the day after judgment was entered, the plaintiff

moved to vacate the judgment and amend her complaint ... The
district court denied that motion.  The Supreme Court
reversed, construing the motion to vacate as filed pursuant to
Rule 59(e) and holding that the district court abused its
discretion in denying leave." Williams, 659 F.3d at 213
(citing Forman, 371 US at 179).

In reversing the district court's refusal to grant leave,
Foman held that "Rule 15(a) declares that leave to amend
'shall be freely given when justice so requires'; this mandate
is to be heeded.  If the underlying facts or circumstances
relied upon by a plaintiff may be a proper subject of relief,
he ought to be afforded an opportunity to test his claims on
the merits.  In the absence of an apparent or declared reason-
such as undue delay, bad faith or dilatory motive on the part
of the movant, repeated failure to correct deficiencies by
amendments previously allowed, under prejudice to opposing
counsel by virtue of allowance of the amendment, futility of
amendment, etc.- the leave sought should, as the rules
require, be 'freely given.'" Foman, 371 US at 182.

C.  RESPONDENT'S & COURT'S TRANSCRIPT OBLIGATIONS.
Habeas Rule 5(c), entitled "Contents: Transcripts." provides
that the Respondent "answer must [] indicate what transcripts
(of [] sentencing [] proceedings) are available, when they can
be furnished, and what proceedings have been recorded but not
transcribed.  The respondent MUST attach to the answer parts
of the transcript that the respondent considers relevant.  The
judge may order that the respondent furnish other parts of
existing transcripts or that parts of untranscribed recordings
be transcribed and furnished.  If a transcript cannot be

obtained, the respondent may submit a narrative summary of the evidence." 2254, Rule 5(c).  It is well settled that such transcripts and exhibits must be served upon a habeas petitioner. Rodriguez v Fla. Dept. of Corrections, 748 F.3d 1073 (11th Cir 2014)(reversing district court's denial of habeas petitioner's request to compel service of records relevant to motion to dismiss).

## PROCEDURAL HISTORY

1.  On December 11, 2017, Salvagno filed a Petition under 28 USC § 2241 alleging: (1) his sentence was imposed in violation of due process (2) he is actually innocent of the conduct upon which his sentence is based and (3) his actual innocence claim fits within the Triestman exception that permits prisoners to petition under § 2241 to test the legality of their detention when § 2255 is inadequate and ineffective. ECF# 1 (Mem p. 2-28).

2.  On March 12, 2018, Williams filed a motion to dismiss under F.R.Civ.P 12(b) alleging the Court lacks jurisdiction because (1) the Petition does not state a viable claim under 28 USC § 2241 seeking § 2255 relief, and (2) even if it did, the Petition does not fall within the "limited circumstances" under which a petitioner may rely on § 2241 to challenge his sentence. ECF# 7 (Mem p. 5-13).

3.  On April 10, 2018, Salvagno filed his Response to Williams' motion to dismiss which argued the motion should be denied because his allegations are sufficient to allow this case to proceed and § 2241 jurisdiction exists over the

Petition. ECF# 11.

    4.  On April 12, 2018, Salvagno filed a motion for
appointment of counsel, which argued he meets the initial
threshold showing of some likelihood of merit, and that
appoint is warranted because he is "severely limited [in] his
ability to investigate and present crucial facts in a fact-
intensive case" and "the claims turn on conflicting evidence
regarding asbestos injury risk based on estimated fiber counts
that have proven false, implicating the need for expert
services and testimony to resolve complex medical and
scientific issues." ECF# 12 (p. 7).

    5.  On April 24, 2018, Williams filed a Reply to
Salvagno's response on the motion to dismiss, which argued (1)
the Petition does not raise a constitutional violation and (2)
the Petition fails to satisfy the § 2241 exception for § 2255-
type relief. ECF# 13.

    6.  On May 7, 2018, Salvagno filed a motion for leave to
file a sur-reply which argues the Petition (1) states a
plausible claim for relief and (2) satisfies the § 2241
exception. ECF# 14.

    7.  On January 4, 2019, this Court issued an Order
granting Respondent's motion to dismiss. ECF# 16.

    8.  On January 10, 2019, the Court issued its Judgment in
favor of Respondent dismissing the case. ECF# 17.

    9.  On January 14, 2019, ten days after the Order was
issued, and four days after the Judgment was issued,
Petitioner was served with copies of the Order (ECF# 16) and
Judgment (ECF# 17) by FCI Danbury staff via general mail
delivery in his unit at 8:30pm.

DISCUSSION

POINT 1: THIS MOTION IS TIMELY FILED

10.   On January 23, 2019, Petitioner delivered to prison officials at FCI Danbury, via the legal mail system, the instant Motion for forwarding to the Court via first-class US mail.

11.   Pursuant to the "prison mailbox rule" this Motion was deemed filed on January 23, 2019, which is within 28 days from the date of the January 10, 2019 Judgment that Petitioner's seeks to vacate.

12.   The Motion is therefore timely filed under either Rule 59(e) or 60(b).

POINT 2: FAILURE TO COMPLY WITH HABEAS RULE 5(C)

13.   Under Rule 5(c), Habeas Rules, Respondent was required to include information in its Answer (which in this case was its motion to dismiss) regarding the availability of transcripts, when they can be furnished, and which proceedings have been recorded but not transcribed.  Respondent was also required file any transcripts or records it considered relevant to its Answer. See Rule 5(c), 2254 Rules.

14.   Despite the foregoing mandatory requirements, Respondent failed to provide the required information, and failed to attach any transcripts or sentencing records with its Answer.

15.   Rule 5(c) also provides that the Court "may order that respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed and furnished". See Rule 5(c), 2254 Rules.

16.   Here, the Order reveals the Court reviewed "the transcripts of the testimony of one of the government's expert witnesses - which were only recently filed on the public docket (ECF Nos. 1117, 1118, USA v Salvagno et al, 02-cr-51-LEK (N.D.N.Y.))- and the transcript of the trial judge's findings and imposition of sentence (ECF No. 402, 02-cr-00051-LEK (N.D.N.Y)), in addition to relevant parts of the parties' sentencing briefs (ECF Nos 394, 395, 02-cr-00051-LEK (N.D.N.Y.)).  See Order (p. 1, n.1).

17.   While the Court apparently obtained the foregoing underlying criminal records, Petitioner was never served with the transcripts and records which the Court obtained and relied upon to dismiss the Petition.

18.   From information provided to Petitioner by friends, there is no order entered in the 2241 docket requiring that such underlying criminal case records be furnished, nor were the "furnished" underlying records filed in the 2241 case.

19.   Petitioner does not have the underlying criminal case records (ECF# 394, 402, 1117 & 1118), which the Court relied upon to deny his Petition, nor could he reasonably be expected (15 years after the lengthy 2004 sentencing hearings) to recall all of the important details contained in the underlying records.

POINT 3: DENIAL OF NOTICE AND OPPORTUNITY TO BE HEARD

RENDERS THE ORDER AND JUDGMENT VOID

20.   In its Order (ECF# 16), the Court raised factual and
legal points that were not raised by the parties.  The factual
and legal points raised by the Court go so far beyond, and
were so materially different than Respondent's (ECF# 7 & 13),
that they render the ruling a sua sponte dismissal that denied
Petitioner full, fair and meaningful notice.

21.   Moreover, the criminal case transcripts relied upon
by the Court, and extensively cited throughout its Order, were
not even made publicly available in the underlying criminal
case docket until months after the party's submissions on the
dismissal motion were filed in this case.

22.   For instance, according to Petitioner's friend (who
checked with the criminal court after Petitioner received the
Order), the transcripts filed in ECF# 1117 & 1118 were not
made available in the public docket until October 31, 2018 and
November 9, 2018 (respectively), which is about 6 months after
the dismissal matter was fully briefed by the Parties.

23.   Further, while Respondent provided Petitioner with a
copy of the local rules and warnings, those warnings did not
notice him that he would not only have to reply to the points
of law and fact raised in Respondent's motion, but he would
also have to envision factual and legal points made by the
Court against him sua sponte, inclusive of facts that would
not even be made publicly available until months after the
matter was fully briefed. See ECF# 7 (Motion to Dismiss,
Attach. # 2, Notice to Self-Represented Litigant Concerning
Motion to Dismiss, and Local Rules).

24.   Petitioner was surprised and prejudiced by the Court's action.  In particular, the Court's failure to apprise him that it might dismiss the case based on the factual and legal points raised in the Order prevented Petitioner from submitting all the evidence and arguments he could have and clearly would have.

25.   In other words, the failure to give appropriate notice, deprived Petitioner of a fair opportunity to respond to the Court's legal theories and to rebut the factual underpinning, an opportunity Petitioner would have had if those factual points and theories had been advanced by Respondent herself.  But for the failed notice, Petitioner would have brought additional evidence and valid answers to what the Court perceives as defects in his case.

26.   It is well settled that "before acting on its own initiatives, a court must accord the parties fair notice and an opportunity to present their positions." Day v McDonald, 164 L.Ed.2d 376, 388 (2006); see also McGinty v NY, 251 F.3d 84 (2nd Cir 2000)("[a] district court should not dismiss an action pending before it without first providing the adversely affected party with notice and an opportunity to be heard.

27.   "Notice serves several important purposes.  It gives the adversely affected party a chance to develop the record to show why dismissal is improper; it facilitates de novo review of legal conclusions by ensuring the presence of a fully developed record before an appellate court, and it helps the trial court avoid the risk that it may have overlooked valid answers to what it perceives as defects in plaintiff's case." Id.                    10

28.   "[F]ailure to afford an opportunity to oppose contemplated sua sponte dismissal may be, by itself, grounds for reversal." Abbas v Dixon, 480 F.3d 636, 640 (2nd Cir 2007).

29.   Moreover, because the Order and Judgment were premised on a violation of due process that deprived Petitioner of notice and an opportunity to be heard, they are void within the meaning of Rule 60(b) and must therefore be vacated as a matter of law. United States v Student Aid Funds, Inc. v Espinosa, 559 US 260, 270 (2010).

POINT 4: DENIAL OF PARTY PRESENTATION PRINCIPLE

30.   The procedure utilized by the Court (i.e., the factual and legal theories it raised sua sponte in its Order and Judgment to dismiss the Petition) violates the principle of party presentation that is so basic to our system of adjudication.

31.   "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation.  That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present ... [T]he parties know what's best for them, and are responsible for advancing the facts and arguments entitling them to relief." Greenlaw v US, 554 US 237, 243 (2008); see also Perez v Ortiz, 849 F.2d 793, 797 (2nd Cir 1988)("Sua sponte dismissals, especially those entered without notice, also deviate from the traditions of the adversarial system by

11

making the judge 'a proponent rather than an independent
entity.'")

32.  "Courts do not, or should not, sally forth each day
looking for wrongs to right.  We wait for cases to come before
us, and when they do we normally decide only questions
presented by the parties.  Counsel almost always know a great
deal more about their cases than we do, and this must be
particularly true of counsel for the United States, the
richest, most powerful, and best represented litigant to
appear before us." Greenlaw v US, 554 US 237, 243
(2008)(internal citations omitted)

33.  "A federal court does not have carte blanche to
depart from the principle of party presentation basic to our
adversary system." Wood v Milyard, 182 Led.2d 733 (2012).


POINT 5: REQUEST FOR SENTENCING RECORDS


34.  In order for Petitioner to have a meaningful
opportunity to respond to the factual and legal basis relied
upon by the Court to dismiss his Petition, he needs access to
the sentencing records in the underlying case.

35.  An examination of the Court's Order (ECF# 16)
reveals that it contains numerous citations to the sentencing
records.

36.  Petitioner submits, however, that while the Court
ordered that only the records of the Government's expert be
produced, that all of the sentencing hearing transcripts
should be produced, because the remaining records contain
evidence that, together with the newly discovered evidence

identified in the Petition, along with additional newly discovered evidence obtained since the briefing on the motion to dismiss, will establish that the statements relied upon by the government's witnesses were false at the time they were made, and that those making the statements knew their statements were false.

37.  This is relevant not simply for the issues involving the USSG § 2Q1.2(b)(2) issue, but with regards to the severity of the offense under 3553(a)(2)(A).

38.  Accordingly, Salvagno requests to be be provided with the transcripts of the eleven sentencing hearings and the government's sentencing memorandum (ECF# 394).  The transcripts requested are for the sentencing hearings held on 10/27/04 (ECF# 1117), 10/28/04 (ECF# 430), 11/3/04 (ECF# 1118), 11/5/04 (ECF# 384), 11/09/04 (ECF# 385), 11/10/04 (ECF# 374), 11/30/04 (ECF# 387), 12/1/04 (ECF# 391), 12/02/04 (ECF# 392), 12/03/04 (ECF# 393), 12/21/04 (ECF# 443), and 12/23/04 (ECF# 402/444).

39.  Petitioner has made a sufficient showing that he has a legitimate need for the requested sentencing transcripts and government sentencing memorandum to help him effectively respond to the adverse factual and legal points raised by the Court sua sponte in its Order. See e.g., Williams v Greene, 2007 US Dist Lexis 67936 (EDNY)(granting Petitioner's request for transcripts of the underlying criminal case to afford him a meaningful opportunity to respond to Respondent's opposition).

POINT 6: JUSTICE SO REQUIRES THAT LEAVE TO AMEND BE GRANTED

40.   Because Petitioner was denied timely, fair, and meaningful notice of the evidence and arguments that the Court would utilize to dismiss his Petition, justice so requires that the Order and Judgment be vacated, that he be provided with the relevant sentencing records from the underlying criminal case, and an opportunity to amend his Petition to address the purported defects with the benefit of the sentencing records.

41.   This is especially so given the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on the part of Petitioner, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Respondent by virtue of the amendment, etc.

42.   In the Second Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2nd Cir 1991); see also Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## CONCLUSION

For good caused having been shown the Court should grant the requested relief.

## VERIFICATION

I declare under penalty of perjury that the foregoing assertions are true and correct to the best of my knowledge

14

and belief.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was served upon counsel for Respondent by the Court's ECF system.


Respectfully Submitted


Alex Salvagno, pro se