# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALEX SALVAGNO

      Petitioner,

v.

D.K. WILLIAMS, WARDEN

      Respondent.

No. 3:17-cv-2059 (MPS)

## RULING ON MOTIONS

Petitioner Alex Salvagno, an inmate confined at Federal Correctional Institution ("FCI") Danbury, asks the Court to reconsider two of its orders in this habeas action based on supposed procedural infirmities. The Court previously granted the motion of Respondent D.K. Williams (the warden at FCI Danbury) to dismiss Salvagno's petition for lack of subject matter jurisdiction because it did not fall within the "*Triestman*" exception for challenges to the imposition of a sentence under 28 U.S.C. § 2241. (ECF No. 16.) Salvagno's first motion seeks to vacate that decision under Fed. R. Civ. P. 59(e) and 60(b), requests copies of sentencing records in his underlying case, and asks to amend his petition after receiving those records. (ECF No. 18.) The Court denied Salvagno's request for sentencing records, but reserved judgment on the remainder of the motion and ordered further briefing from both parties. (ECF No. 19.) Salvagno then filed a second motion seeking reconsideration of the portion of that order denying his request for transcripts. (ECF No. 20.) Williams filed a response addressing Salvagno's second motion. (ECF No. 21.) Salvagno filed a third motion seeking to expedite the Court's decision. (ECF No. 22.) The Court then vacated in part its earlier order denying his request for the sentencing records, provided two transcripts only recently made publicly available, and solicited further briefing from

Salvagno.  (ECF No. 23.)  In response, Salvagno filed a fourth motion seeking to stay or continue the proceedings, which the Court denied.  (ECF Nos. 24, 25.)  For the following reasons, the Court now DENIES Salvagno's three remaining motions.  (ECF No. 18, 20, 22.)

## I.    Factual & Procedural Background

The Court assumes familiarity with the background of Salvagno's criminal case, his appeal from his resentencing on a *Booker-Crosby* remand, and his various post-trial proceedings, which are discussed at length in the Court's ruling granting Williams' motion to dismiss.  (ECF No. 16 at 2–11.)  The Court recounts here only the background necessary for the resolution of these motions.[1]

On December 11, 2017, Salvagno filed the § 2241 petition in this case, which claimed that his twenty-five-year sentence violated due process because the sentencing court relied on information that years later turned out to be wrong.  (ECF No. 1; *see generally* ECF No. 1-1.)  Although he acknowledged that a § 2241 petition may not ordinarily be used to attack a sentence, Salvagno argued that this Court should reach his claim on the merits under the so-called "*Triestman*" exception because he asserted "actual innocence" of conduct on which his sentence was based – namely, a nine-level enhancement for conduct resulting in a "substantial likelihood of death or serious bodily injury" under U.S.S.G. § 2Q1.2(b)(2).  (ECF No. 1-1 at 4–7.)  In particular, Salvagno argued that the sentencing court had wrongly imposed the enhancement based

---

[1] As discussed in that ruling, this Court dismissed in a separate case Salvagno's § 2241 petition seeking reconsideration of the Bureau of Prisons' denial of his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *See Salvagno v. Dir., Bureau of Prisons*, No. 3:17CV318 (MPS), 2017 WL 5159214 (D. Conn. Nov. 7, 2017).  That case is currently on appeal to the Second Circuit, which appears to have stayed the action pending the outcome of Salvagno's motion for compassionate release in the sentencing court under the First Step Act. (*See* Dkt. No. 154, *Salvagno v. Director*, No. 17-3997 (2d. Cir.); ECF No. 1119, *USA v. Salvagno et al.*, 02-cr-00051-LEK (N.D.N.Y.).)  Because the sentencing court recently denied Salvagno's compassionate release motion (ECF No. 1143, *USA v. Salvagno et al.*, 02-cr-00051-LEK (N.D.N.Y.)), the parties' requests to stay this action are moot.

on the testimony of the government's expert, Dr. Stephen Levin.  (*Id.* at 15, 17–18.)  According to Salvagno, Dr. Levin's prediction that 29 of Salvagno's 100 longest-exposed workers would contract cancer or asbestosis over a 15- to 20-year time frame based on an estimated average fiber count of 160 fiber-years was conclusively proved false by later evidence.  (*Id.* at 15–16.)

On January 16, 2018, the Court ordered Williams to respond to Salvagno's petition.  (ECF No. 3.)  On March 12, 2018, Williams moved to dismiss the petition for lack of subject matter jurisdiction.  (ECF No. 7.)  Williams' motion argued that Salvagno did not satisfy the *Triestman* exception because his claim of innocence of the enhancement under U.S.S.G. § 2Q1.2(b)(2) was not a cognizable claim of "actual innocence," was not provable on the existing record, and could have been (and was) raised during his sentencing and his appeal from his resentencing on a *Booker-Crosby* remand.  (ECF No. 7-1 at 9–13.)  Salvagno filed an opposition brief on April 10, 2018.  (*See* ECF No. 11 at 10–21.)  On April 24, 2018, Williams filed a reply brief.  (ECF No. 13 at 5–7.)  On May 7, 2018, Salvagno filed a motion for leave to file a sur-reply that attached his proposed brief.  (ECF No. 14 at 6–9.)

On January 4, 2019, the Court granted Williams' motion to dismiss for lack of subject matter jurisdiction because Salvagno's petition did not fall within the *Triestman* exception to challenge the imposition of his sentence under § 2241.  (ECF No. 16.) The Court concluded that Salvagno's claim did not satisfy the *Triestman* exception because it did not raise a cognizable claim of "actual innocence" and in any event was not provable on the existing record.   (ECF No. 16 at 33.)  In making these determinations, the Court reviewed Dr. Levin's testimony at Salvagno's sentencing hearing, which neither party had attached to its pleadings or briefing.  Even though Dr. Levin had testified in 2004, the transcripts of his testimony were not filed on the docket in Salvagno's criminal case until October and November 2018 – *i.e.*, after the parties in this case had

submitted their briefing on the motion to dismiss – because (according to the docket notation in that court) they were "inadvertently not provided to the Clerk for docketing" until then. (ECF Nos. 1117, 1118, *USA v. Salvagno et al.*, 02-cr-00051-LEK (N.D.N.Y.)) This Court disclosed its consideration of these transcripts, among others, in a footnote in the ruling. (ECF No. 16 at 2 n.1.)[2]

Following the Court's grant of the motion to dismiss, the Clerk entered judgment against Salvagno on January 10, 2019. (ECF No. 17.) On January 28, 2019, Salvagno filed a motion (a) seeking to vacate the judgment under Fed. R. Civ. P. 59(e) and 60(b), (b) requesting copies of certain itemized sentencing transcripts (including the transcripts of Dr. Levin's testimony) and the government's sentencing memorandum in order to "effectively respond to the adverse factual and legal points raised by the Court sua sponte in its order," and (c) asking for an opportunity to amend his petition after he received the requested records. (ECF No. 18; *id.* at 13.) In response to his motion, on January 30, 2019, the Court issued the following order:

> The Court has reviewed the 18 motion to vacate and reserves judgment, as follows. The Court will give Mr. Salvagno an opportunity to address the sentencing transcripts not made available on the public docket until October and November 2018. Mr. Salvagno may file a supplemental brief addressing these materials and any other argument he wishes to make with respect to the Court's 16 order within **30 days. The brief shall be limited to 20 pages. Williams may file any response within 30 days of Salvagno's filing and Williams' response shall likewise be limited to 20 pages. No replies will be allowed.** The Court will <u>not</u> issue an order requiring Mr. Salvagno to receive the sentencing transcripts itemized in his motion. Mr. Salvagno has failed to show that he did not have an opportunity to order these transcripts in connection with this petition, his previous habeas petitions, or his appeal from his conviction. The Court reserves judgment on the remainder of his motion. The Clerk is directed to mail a copy of this order to Mr. Salvagno.

---

[2] That footnote explained that the Court had "considered for purposes of this petition the most relevant (in its view) sentencing-related materials available in the underlying case. In particular, the Court reviewed the transcripts of the testimony of one of the government's expert witnesses—which were only recently filed on the public docket (ECF Nos. 1117, 1118, USA v. Salvagno et al., 02-cr-00051-LEK (N.D.N.Y.))—and the transcript of the trial judge's findings and imposition of sentence (ECF No. 402, 02-cr-00051-LEK (N.D.N.Y.)), in addition to relevant parts of the parties' sentencing briefs (ECF Nos. 394, 395, 02-cr-00051-LEK (N.D.N.Y.))." (*Id.*) As I explain later, the reference to ECF No. 402 in that footnote should instead be to ECF No. 444, 02-cr-00051-LEK (N.D.N.Y.).

(ECF No. 19.)   On February 25, 2019, Salvagno filed an "objection and motion to reconsider Court's 1/30/2019 order" that challenged the Court's denial of his request to receive the sentencing transcripts necessary to amend his petition.  (ECF No. 20.)  On March 27, 2019, Williams filed an objection responding only to Salvagno's second motion.  (ECF No. 21.)

On April 11, 2019, Salvagno filed a "motion to expedite ruling" based on the supposed prejudice that the January 10, 2019 judgment was causing him in the compassionate release litigation in the sentencing court.  (ECF No. 22.)  In response to his motion, on May 16, 2019, the Court issued the following order vacating in part its earlier order:

> It appears that Mr. Salvagno did have access, through his lawyers, to the two sentencing transcripts recently made available on the public docket in his criminal case (ECF Nos. 1117, 1118, USA v. Salvagno et al., 02-cr-00051-LEK (N.D.N.Y.)), because they are quoted in his sentencing memorandum and his appellate brief. Nonetheless, Mr. Salvagno claims that he does not have access to either transcript. Therefore, the Court VACATES its 19 order dated January 30, 2019 in part and will instruct the Clerk's Office to mail to Mr. Salvagno these two transcripts not made available on the public docket until October and November 2018, which are attached to this order. The Clerk is directed to mail a copy of this order, including all attachments to this order, to Mr. Salvagno.
>
> As with the 19 order, Mr. Salvagno may file a supplemental brief addressing these materials within **21 days. The brief shall be limited to 20 pages. Williams may file any response within 14 days of Salvagno's filing and Williams' response shall likewise be limited to 20 pages. No replies will be allowed.**
>
> If Mr. Salvagno wishes to access . . . these transcripts more quickly, he is free to do so through his recently appointed counsel in his criminal case. The Court is not vacating the portion of the 19 order denying Mr. Salvagno's request for the remaining transcripts itemized in his motion.

(ECF No. 23.)   The Court attached to its order the two sentencing transcripts of Dr. Levin's testimony (ECF Nos. 1117, 1118, *USA v. Salvagno et al.*, 02-cr-00051-LEK (N.D.N.Y.)), which the court-only notation indicates that the Clerk's Office mailed to Salvagno.[3]  On June 3, 2019,

---

[3] In light of my resolution of Salvagno's other motions, and because his compassionate release case has been decided, the motion to expedite is now DENIED as moot.  (ECF No. 22.)

Salvagno filed a motion to stay the proceedings or, in the alternative, to extend by 60 days the deadline to respond to the Court's May 16, 2019 order. (ECF No. 24.) The Court denied that motion in a text order on June 5, 2019, stating in relevant part:

> The Court will not stay this action, nor will it grant Mr. Salvagno an extension of time to respond. The Court's 23 order gave Mr. Salvagno an opportunity to address the two transcripts not made available on the public docket until October and November 2018, but his recent 11-page filing does not make any new arguments based on those transcripts or sufficiently explain why he needs additional time to address anything in these transcripts.

(ECF No. 25.)

## II. Legal Standards

### A. Rule 59(e) and Local Rule 7(c)

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A party may also file a motion for reconsideration under District of Connecticut Local Rule of Civil Procedure 7(c). *See* D. Conn. L.R. 7(c). That rule provides that "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.*

"A motion for reconsideration filed under Local Rule 7(c) is equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e)." *Kelly v. Honeywell Int'l, Inc.*, No. 3:16-CV-00543 (VLB), 2017 WL 6948927, at *2 (D. Conn. May 25, 2017) (citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)). "[E]ach seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." *City of Hartford*, 942 F.2d at 133. "Under either rule, the standard for granting a motion for reconsideration is strict." *Marshall v. City of Meriden*, No. 3:11-CV-577 (JCH), 2017 WL 5513202, at *1 (D. Conn. Mar. 13, 2017) (citation and internal quotation marks and modification omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

### B. Rule 60(b)

Rule 60(b) allows a court to set aside a judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A Rule 60(b) motion must be made "within a reasonable time," or, for reasons (1), (2), and (3) above, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In habeas corpus proceedings in particular, a post-judgment motion may only be treated as a proper request for relief under Rule 60(b) if it "relates to the integrity of the federal habeas proceeding, not to the integrity of the criminal trial." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (citation omitted).

### C. Post-Judgment Leave to Amend

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo*, 514 F.3d at 191 (citation and internal quotation marks omitted). "Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (per curiam). "[A] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Id.* (quoting *Ruotolo*, 514 F.3d at 191). Nonetheless, "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id.* "Under these formulations, postjudgment motions for leave to replead must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15." *Id.*

## III.  Discussion

### A.  Motion to Vacate the Judgment under Rule 60(b)

Salvagno's first post-judgment motion seeks in relevant part to vacate the Court's January 10, 2019 judgment against him.  (ECF No. 18.)  But Salvagno has not made any showing of the exceptional circumstances required to vacate the judgment.

#### 1.  Voidness under Rule 60(b)(4)

Salvagno seeks to vacate the January 10, 2019 judgment under Rule 60(b)(4).[4]  Rule 60(b)(4) allows a court to vacate a judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).

---

[4] Salvagno's motion also cites Rule 59(e), but he does not make any distinct argument for vacating the judgment under that rule.  Because Salvagno seeks identical relief under Rule 59(e) and Rule 60(b), I do not separately analyze his Rule 59(e) motion.  *See Bild v. Wieder*, No. 09CV5576ARRVVP, 2013 WL 12368704, at *2 (E.D.N.Y. Aug. 12, 2013) ("[T]he standards for granting a motion pursuant to Rule 59(e) and Rule 60(b) are the same under the circumstances here."); *Twumasi v. Brennan Transp.*, No. 94 CIV. 5930 (DLC), 1996 WL 343056, at *2 n.2

A judgment is void if it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A judgment will not be deemed void "simply because it is or may have been erroneous." *Id.* (citation omitted). Rather, it "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Salvagno first argues that the Court failed to afford him notice and opportunity to be heard and that this alleged due process violation renders the judgment void under Rule 60(b)(4). (ECF No. 18 at 9–11.) In particular, Salvagno argues that the Court's decision addressed factual and legal points not raised by the parties, including by relying on the two sentencing transcripts of Dr. Levin's testimony not made publicly available until after the parties completed their briefing, and thus the Court essentially dismissed his claims *sua sponte* without notice and opportunity to be heard. (*Id.*) The Court disagrees, for four reasons.

First and most importantly, the Court's dismissal was not *sua sponte*. Instead, it was in response to a motion to dismiss filed by the respondent and was rendered only after multiple opportunities for briefing on the issues the Court addressed in its decision. The ruling dismissed Salvagno's petition for lack of subject matter jurisdiction because the petition did not meet the *Triestman* exception for two, independent reasons: (1) Salvagno had not set forth a cognizable claim of "actual innocence"; and (2) he could not prove his claim on the existing record. (*See generally* ECF No. 16.) Salvagno was on notice of both legal issues because Williams raised them

(S.D.N.Y. June 20, 1996) ("[B]ecause Rule 60(b) addresses the situation presented by this motion, and any relief to which plaintiff is arguably entitled under Rule 59(e) is covered by Rule 60(b), I shall not separately analyze plaintiff's motion under Rule 59(e)."), *aff'd*, 129 F.3d 114 (2d Cir. 1997).

in her motion to dismiss and reply brief. (ECF No. 7-1 at 9–12; ECF Nos. 13 at 5–7.) And Salvagno explicitly addressed both legal issues in his opposition brief and further addressed "actual innocence" in his sur-reply brief. (*See* ECF No. 11 at 10–14 (addressing actual innocence), 16–21 (addressing "provable on the existing record"); ECF No. 14 at 6–9.) Thus, the Court's dismissal was not *sua sponte*.

Second, the Court was free to consider the two transcripts of Dr. Levin's testimony in determining whether it had subject matter jurisdiction even though the parties did not attach them to their briefs. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings."). Moreover, it appears that Salvagno had access to the transcripts, or at least to descriptions of them, when he filed his petition. The crux of his petition was that Dr. Levin's prediction that 29 of the 100 longest-exposed of Salvagno's workers would contract cancer or asbestosis over a 15- to 20-year time frame, based on an estimated average fiber count for these workers of 160 fiber-years, was proven wrong by later evidence. (ECF No. 1-1 at 15–17.) The petition paraphrases Dr. Levin's testimony throughout, and both cites and attaches excerpts of the testimony given by Salvagno's own, competing experts at the sentencing hearing. (ECF No. 1-1 at 18–25; ECF Nos. 1-4, 1-5.) In addition, Salvagno's sentencing memorandum (also attached to his petition) cites and, at times, quotes the same transcripts of Dr. Levin's testimony on which this Court relied in its decision. (*See, e.g.,* ECF No. 1-3 at 14–19, 23, 45 (citing, *inter alia*, 10/27/2004 and 11/3/2004 transcripts, located at ECF Nos. 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.).) So even if it had not been determining an issue of subject matter jurisdiction, the Court could have considered the two transcripts as documents incorporated by reference in Salvagno's petition or public documents of which Court could take

judicial notice.  *See, e.g., Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018) (in resolving a Rule 12(b)(1) motion, a court may "consider matters of which judicial notice may be taken" as well as evidence outside the pleadings) (citations and internal quotation marks omitted); *Glover v. Connecticut Dep't of Correction*, 575 F. Supp. 2d 390, 391 n.1 (D. Conn. 2008) (taking judicial notice of the records of state court proceedings attached to motion to dismiss habeas petition).

Third, Salvagno has had repeated opportunities to address the two transcripts of Dr. Levin's testimony, yet still has not pointed to anything in those transcripts suggesting that the Court's decision on the motion to dismiss was mistaken.  As discussed, Salvagno's sentencing memorandum both cited and quoted the same transcripts of Dr. Levin's testimony.  (*See, e.g.*, ECF No. 1-3 at 14–19, 23, 45 (citing, *inter alia*, 10/27/2004 and 11/3/2004 transcripts, located at ECF Nos. 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.).)  Salvagno's brief in his appeal from his *Booker-Crosby* remand cites them as well.  *See* Appellant's Br., *United States v. Salvagno*, 2008 WL 6153930, at *16–21 (2d. Cir. January 29, 2008).  In other words, Salvagno had access, through his lawyers, to the two sentencing transcripts of Dr. Levin's testimony before the Court's decision on the motion to dismiss, but did not address them in his opposition or sur-reply brief.  Salvagno was also represented by counsel in the sentencing court litigation since at least January 30, 2019, so he was free to access the same transcripts for any of his post-judgment motions.  (*See* ECF No. 1120, 02-cr-00051-LEK (N.D.N.Y.) (granting Salvagno's motion for appointment of counsel).)  Still, he did not address the two transcripts in his first three post-judgment motions.  (ECF Nos. 18, 20, 22.)  But to dispel any doubt, this Court directed the Clerk to provide Salvagno a copy of each of the transcripts and afforded Salvagno another opportunity to address them in additional briefing.  (ECF No. 23.)  Yet Salvagno's latest response still does not address what the transcripts of Dr. Levin's

testimony show.  (*See* ECF No. 24.)  Instead, he argues that the Court's decision "made the three AAR workers['] purported description of the results of their work practices dispositive to [his] claim" and that this "renders the transcripts of their actual testimony highly relevant to Petitioner's ability to address the purported defects related to [what] they purportedly told Dr. Levin."  (*Id.* at 8.)  But the Court did not review the 'actual testimony' of the three AAR workers, and instead relied on Dr. Levin's characterization of what they told him.  (*See* ECF No. 16 at 30–31.)  Despite the Court's now having sent him copies of Dr. Levin's testimony, Salvagno still has made no effort to explain why that testimony, or the Court's interpretation of it, was mistaken.  In sum, Salvagno has not pointed to a single flaw in the substance of the Court's decision in his four post-judgment briefs.  He cannot now credibly claim that he has not had sufficient notice or opportunity to be heard on any issue the Court considered.  *See Dugan v. United States*, No. 11-CV-3973 SLT, 2015 WL 5244341, at *4–5 (E.D.N.Y. Sept. 8, 2015) (denying Rule 60(b)(4) motion to vacate dismissal of habeas petition on due process grounds where, *inter alia*, petitioner elected not to submit additional evidence, petitioner had "ample opportunity to be heard on his petition," the Court "considered and rejected all of the arguments submitted" and petitioner "presented no credible facts or arguments that he did not have an opportunity to present").

Fourth and finally, Salvagno has identified no prejudice from the Court's reliance on Dr. Levin's testimony or any other records of the sentencing proceeding.  As earlier noted, the Court dismissed Salvagno's petition on two, independent grounds: "actual innocence" and "provable on the existing record."  (*See generally* ECF No. 16.)  For the "actual innocence" exception, the Court concluded that Salvagno's claim of "innocence" of the § 2Q1.2(b)(2) sentencing enhancement was based on a broader concept of "actual innocence" than any the Supreme Court or the Second Circuit has endorsed, and that recognizing such a claim would ignore the restrictions imposed on

post-conviction challenges to applications of the Sentencing Guidelines. (*Id.* at 14.) This conclusion would stand – and would be a sufficient basis to deny the petition – regardless of whether the Court relied on Dr. Levin's testimony. Indeed, the Court's "actual innocence" discussion cited Dr. Levin's testimony in only one instance—when distinguishing the Second Circuit's decision in *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162 (2d Cir. 2000), on one of several, alternative grounds. (ECF No. 16 at 19–22.) Specifically, the Court reasoned that Salvagno had not shown that Dr. Levin's 160 fiber-year count was a "false fact" considered by the sentencing judge that caused a constitutional defect in the imposition of Salvagno's sentence, as *Spence* required. This was in part, the Court explained, because Dr. Levin made clear that his fiber-year count was only a rough estimate. (ECF No. 16 at 22 (citing Dr. Levin's testimony that he "would like better data if it were available" because "no measurements that were truly accurate were taken during this work") (citation omitted).) This point – which was undisputed[5] – was not essential to the conclusion that Salvagno had failed to satisfy the "actual innocence" exception.

In short, Salvagno's focus on Dr. Levin's testimony misses the larger point that his petition does not assert a cognizable claim of "actual innocence." Nothing that Dr. Levin or anyone else might have said at the sentencing proceeding could fill that gap. As shown in the motion to dismiss ruling, Salvagno does not claim innocence of an offense of conviction or, as in *Spence*, innocence

---

[5] Salvagno's sentencing memorandum attached to his petition quotes this testimony, and his opposition brief on the motion to dismiss appears to accept it as well. (*See* ECF No. 1-3 at 17 (quoting Dr. Levin's "I would like better data if it were available" testimony); ECF No. 11 at 19 ("[T]he Government's expert admitted at sentencing that he had never actually seen . . . air monitoring reports or other direct evidence of the actual fiber counts corresponding to the asbestos abatement projects here.").) And Salvagno's own expert agreed with Dr. Levin on this point. (*See* ECF No. 1-1 at 22 (quoting his expert's, Dr. Peter Barrett, testimony that "one cannot even guess at exposures unless one has numbers" and admitting that his and Dr. Levin's exposure estimates are "both guestimates").)

of a predicate offense serving as a sentencing enhancement. (*See* ECF No. 16 at 16–19, 23–27.) Salvagno has not challenged that conclusion in any of his post-judgment motions – despite not needing any sentencing transcripts to do so. (ECF Nos. 18, 20, 22, 24.) Thus, the Court's reliance on (and any misinterpretation of) Dr. Levin's testimony did not prejudice Salvagno.

Salvagno's next argument, that the Court violated the principle of party presentation, fares no better. (ECF No. 18 at 11–12.) Under the party presentation principle, courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That principle does not apply when the court fulfills its obligation to determine its own subject matter jurisdiction, as it must do when the *Triestman* exception is invoked. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have *not presented*.") (emphasis added); *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (affirming dismissal under 28 U.S.C. § 2241 for lack of subject matter jurisdiction). Here, although it could have done so, the Court did not address its jurisdiction *sua sponte*, but in response to the defendant's motion. In deciding whether it had jurisdiction, the Court was not limited to considering the specific arguments and evidence presented by the Respondent. *See, e.g., Richards v. Appalachian Power Co.*, 836 F. Supp. 2d 436, 441 n.3 (S.D.W. Va. 2011) ("I am not limited to the parties' arguments because complete preemption is a jurisdictional doctrine going to the subject-matter jurisdiction of the court.").

None of the cases Salvagno relies on support vacating the judgment under Rule 60(b)(4). (ECF No. 18 at 10–11.) In *Day v. McDonough*, the Supreme Court determined that a district court could raise *sua sponte* a non-jurisdictional issue – AEDPA's statute of limitations – and concluded that the magistrate judge there had given adequate notice and opportunity to be heard by requiring

briefing on the issue. 547 U.S. 198, 210–11 (2006) (concluding no deprivation of due process occurred where the magistrate judge had given the petitioner an adequate opportunity to address its recalculation of the statute of limitations through an order to show cause). In *McGinty v. New York*, the Second Circuit concluded that a district court erred by *sua sponte* dismissing a case for lack of subject-matter jurisdiction based on an intervening change of the law which it had failed to give the parties any opportunity to address. 251 F.3d 84, 90 (2d Cir. 2001). And in *Abbas v. Dixon*, the Second Circuit affirmed the district court's *sua sponte* dismissal of a complaint where plaintiff had a "full and fair opportunity to brief, and to offer affidavits in support of, his [] argument" in response to a separate motion to dismiss on the same grounds. 480 F.3d 636, 640 (2d Cir. 2007). Unlike all three cases, the Court did not dismiss Salvagno's complaint or raise any issue *sua sponte*; rather, it granted a motion to dismiss on the grounds advanced by Williams. And in any event, the Court provided Salvagno ample opportunity to be heard on the legal and factual issues raised in the motion both before and after judgment (including four post-judgment briefs).

### 2. Other Rule 60(b) Grounds to Vacate

Salvagno does not argue that the Court's decision on the motion to dismiss should be vacated under any other subsection of Rule 60(b). But even construing Salvagno's arguments liberally, as I must, they do not justify setting aside the judgment under any subsection of the rule. *See, e.g., Soto v. Cty. of Westchester*, No. 08-CV-5066 (AJN), 2018 WL 527977, at *2–3 (S.D.N.Y. Jan. 22, 2018) (considering *pro se* plaintiff's claim under each subsection of Rule 60(b)).

First, there is no "mistake, inadvertence, surprise, or excusable neglect" justifying relief under Rule 60(b)(1). The Second Circuit has held that Rule 60(b)(1) is available to the district court to correct errors of law or mistakes of fact. *See In re 310 Associates*, 346 F.3d 31, 35 (2d Cir. 2003) ("In two early cases, [the Second Circuit] established a principle that Rule 60(b)(1) was available for a district court to correct legal errors by the court.... [It] [later] implicitly extended

15

this rule to the correction of mistakes of fact."). In these circumstances, "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). "Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed,'" and a "[c]ourt should not 'reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case.'" *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura*, 189 F.R.D. at 90).

The Court's ruling did not make any errors of law or fact requiring correction under Rule 60(b)(1). As discussed above, the Court committed no procedural error by relying on the two transcripts of Dr. Levin's testimony or by deciding that it lacked subject matter jurisdiction after considering the parties' arguments on the issue. The Court also provided those two transcripts and ample opportunity for post-judgment briefing, yet Salvagno has still not pointed to any mistake – legal or factual – in the Court's reasoning, let alone a "material mistake that changed the outcome of the court's judgment," *Matura*, 189 F.R.D. at 89. As noted, even without the two transcripts, the Court's conclusion that Salvagno did not assert a cognizable claim of 'actual innocence' would stand. (*See* ECF No. 16 at 14–27.) Salvagno's motion therefore does not provide any reason for the Court to correct the judgment under Rule 60(b)(1). *See In re Bulk Oil (USA) Inc.*, 2007 WL 1121739, at *10 (denying Rule 60(b)(1) motion where magistrate judge "carefully considered" and plaintiff had "adequate time and opportunity to present a full argument on the issue" that plaintiff claimed was mistakenly decided).

Second, the transcripts themselves are not "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" for the decision on the motion to

dismiss under Fed. R. Civ. P. 60(b)(2). As discussed above, Salvagno was on notice of the transcripts, has quoted from them in previous filings, and has received multiple opportunities to address them. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (requiring the moving party under Rule 60(b)(2) to show, *inter alia*, that "the moving party is justifiably ignorant of the facts despite using due diligence to learn about them").

Third, Rule 60(b)(3), which permits relief based on "fraud . . ., misrepresentation, or misconduct by an opposing party," and Rule 60(b)(5), which permits relief where "the judgment has been satisfied, released or discharged[,] it is based on an earlier judgment that has been reversed or vacated," or "applying it prospectively is no longer equitable," are both plainly inapplicable here. Fed. R. Civ. P. 60(b)(3), (5).

Fourth and finally, Rule 60(b)(6) relief is not available to Salvagno. Rule 60(b)(6), which authorizes a district court to grant relief to a moving party for "any other reason that justifies relief," is a "grand reservoir of equitable power to do justice in a particular case." *Stevens*, 676 F.3d at 67 (citations omitted). "[I]t is well established . . . that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" *Harris*, 367 F.3d at 81 (citation and quotation marks omitted); *id.* at 77 ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'"). However, Rule 60(b)(6) motions must not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Because Salvagno's argument that the Court dismissed his habeas petition based on factual and legal issues not raised by the parties essentially boils down to a claim that the Court made a procedural "mistake" under Rule 60(b)(1), Rule 60(b)(6) relief is not available. *See Stevens*, 676 F.3d at 67 ("Where a party's Rule 60(b) motion is premised on grounds fairly

classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed."). Moreover, Salvagno's motion presents no extraordinary circumstances or extreme hardship justifying relief, since Salvagno was aware of both the transcripts of Dr. Levin's testimony and the legal bases on which the Court might decide the motion to dismiss. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (observing in *dicta* that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay"); *see also Dolan v. Select Portfolio Servicing, Inc.*, No. 03CV03285PKCAKT, 2017 WL 4357336, at *8 (E.D.N.Y. Sept. 29, 2017) ("[T]he Second Circuit routinely finds that Rule 60(b)(6) motions that simply seek to relitigate all issues presented in an action or argue that the district court's decisions were wrong are not sufficiently 'extraordinary' to warrant relief under Rule 60(b)(6).") (collecting cases).

In sum, even construed most liberally, Salvagno's motion puts forward no other ground that justifies vacating the judgment under Rule 60(b). Accordingly, Salvagno's motion to vacate the judgment under Rules 59(e) and 60(b) is DENIED.

### B. Motion for Reconsideration of Denial of Sentencing Records

Salvagno's second post-judgment motion asks the Court to reconsider its order denying his request for the Court furnish certain sentencing records. (ECF No. 20.)[6] As discussed above, Salvagno initially asked the Court to provide a copy of 14 sentencing records in total: the government's sentencing memorandum and various transcripts and minute entries from his sentencing hearing. (*See* ECF No. 18 at 13 (citing ECF Nos. 374, 384, 385, 387, 391, 392, 393, 394, 402, 430, 443, 444, 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.)).) The Court initially denied

---

[6] Salvagno's second motion also seeks to vacate the judgment, stay the proceeding, and amend his petition, but I reject this relief for the same reasons described elsewhere in this opinion. (ECF No. 20 at 14.)

his request because "Mr. Salvagno has failed to show that he did not have an opportunity to order these transcripts in connection with this petition, his previous habeas petitions, or his appeal from his conviction." (ECF No. 19.) The Court later vacated its decision in part and provided two of the above transcripts pertaining to Dr. Levin's testimony, which were the only two on which the Court relied that were not publicly available on the docket of the sentencing court when the parties filed their briefs on the motion to dismiss. The Court noted that it was "not vacating the portion of the [ECF No. 19] order denying Mr. Salvagno's request for the remaining transcripts itemized in his motion." (*See* ECF No. 23 (providing a copy of ECF Nos. 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.)) to Salvagno).) Salvagno's motion for reconsideration is therefore moot to the extent it relies on the two transcripts of Dr. Levin's testimony already provided. The Court thus addresses Salvagno's arguments only as applied to the remainder of his request, specifically: ECF Nos. 374, 384, 385, 387, 391, 392, 393, 394, 402, 430, 443, 444, 02-cr-00051-LEK (N.D.N.Y.). Although Salvagno raises a slew of interrelated arguments why the Court should reconsider its denial of his request for these records, the Court declines to do so for three reasons: (1) Salvagno's assertion that he is entitled to the sentencing records is without legal support because the Government did not file an "answer" under Habeas Rule 5(c), but instead filed a motion to dismiss for lack of subject matter jurisdiction; (2) any argument based on Habeas Rule 5(c) has been waived; and (3) Salvagno's motion is unsupported by any showing, or even a specific allegation, as to how any of these sentencing records might overcome the "actual innocence" defect in his petition. I also find that Salvagno's remaining arguments are without merit. I therefore deny his motion for reconsideration. (ECF No. 20.)

1.  Rule 5(c) of the § 2254 Rules Does Not Apply

Salvagno's chief argument is that the Respondent should have provided him with the requested records under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States

District Courts (the "§ 2254 Rules"). (ECF No. 20 at 4–5.) I disagree, because, even assuming that Rule 5(c) applies to § 2241 petitions, it imposes no obligation on a respondent to provide transcripts where, as here, the respondent submits a motion to dismiss based on lack of subject matter jurisdiction.

Rule 5, which prescribes the content and form of the respondent's "answer," provides as follows in subsection (c):

> **(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Rule 5(c), § 2254 Rules. Salvagno argues that Rule 5(c)'s requirement that a respondent "attach to the answer parts of the transcript that the respondent considers relevant" required Williams to attach transcripts from his sentencing hearing. (ECF No. 20 at 5.) He explains that because Williams' motion "cited, referenced and relied upon the sentencing documents" in her motion to dismiss and reply brief, she was required to attach these relevant transcripts. (ECF No. 20 at 4–5.) Williams objects on the grounds that she "cannot practically be ordered to produce transcripts she never possessed," and that she was "not able to obtain the sentencing transcripts prior to the filings in this case." (ECF No. 21 at 4–5.) Instead, Williams explains, she "relied on th[e] summaries" of the sentencing proceedings contained in the "government's appellate papers," and also on the facts of the proceedings she could ascertain from the docket sheet. (ECF No. 21 at 5.)

Salvagno's argument fails for a threshold reason: Williams did not submit an "answer," but instead filed a motion to dismiss the petition for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (ECF No. 7.) The Advisory Notes to Habeas Rule 5 make clear that Rule 5 refers to answers, not pre-answer motions. Rule 5, § 2254 Rules, advisory note to 1976 Adoption

("Rule 5 details the contents of the 'answer'. . . . The answer must respond to the allegations of the petition."). The transcript obligation does not apply when the respondent submits a pre-answer motion to dismiss. Rule 5(a) states that the "respondent is not required to answer the petition unless a judge so orders." Rule 5, § 2254 Rules. Explaining that requirement, the Advisory Notes to the 2004 Amendments to the Rule state in relevant part:

> The revised rule [5(a)] does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.

Rule 5, § 2254 Rules, advisory committee's note to 2004 amendments. Rule 4 provides in relevant part:

> If the petition is not dismissed [following initial review], the judge must order the respondent to file an answer, *motion*, or other response within a fixed time, or to take other action the judge may order.

Rule 4, § 2254 Rules (emphasis added). And the Advisory Notes to the 2004 Amendments to that Rule confirm that "the response to a habeas petition may be a motion." Rule 4, § 2254 Rules, advisory committee's note to 2004 amendments; *see also id.* ("The Rule was modified slightly to reflect the view of some commentators that it is common practice in some districts for the government to file a pre-answer motion to dismiss."). Rule 4 contains no transcript requirements.

In short, the transcript requirement contained in Rule 5(c) apply only to "answers" under the Rule, and the advisory committee notes to Rule 4 and 5 of the § 2254 Rules make clear that instead of an answer, the government may respond to a petition with a pre-answer motion to dismiss governed by Rule 4. Here, the Court did not order the government to file an "answer" but instead "a *response* . . . why the relief prayed for in the petition for writ of habeas corpus should not be granted." (ECF No. 3 (emphasis added).) The Government thereafter filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), not an answer. (ECF No. 7.)

Accordingly, because it filed a pre-answer motion to dismiss in accordance with the Court's order and Rule 4, the Government had no obligation to attach transcripts to its motion and thus did not violate Rule 5(c). *See, e.g., Wilborn v. Ryan*, No. CV 15-12827-RGS, 2016 WL 1170960, at *1 (D. Mass. Mar. 23, 2016) ("Rule 5 of the Rules ('Rule 5') requires respondent to file certain state court transcripts, briefs and opinions in conjunction with filing an answer to the petition. . . . Rule 5 does not apply because, in accordance with the November 2015 Order . . ., respondent filed a responsive pleading [a motion to dismiss] under Rule 4 of the Rules ('Rule 4') in lieu of an answer under Rule 5."); *Ruff v. Jackson*, No. 1:04CV014, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005) (concluding that filing of motion to dismiss instead of answer complied with Rule 4 and 5 of the § 2254 Rules), *report and recommendation adopted*, No. C-1-04-14, 2005 WL 1719112 (S.D. Ohio July 22, 2005); *see also Hair v. Alves*, No. 3:10-CV-01948 (MPS), 2015 WL 7725426, at *4 n.4 (D. Conn. Nov. 30, 2015) (acknowledging in footnote that Rule 4 permits the filing of pre-answer motions to dismiss).

The Fourth, Sixth, and Eleventh Circuit cases on which Salvagno relies for their interpretation of Rule 5(c) are inapposite. (ECF No. 20 at 5 (citing *Thompson v. Greene*, 427 F.3d 263 (4th Cir. 2005); *Sizemore v. Dist. Court, 50th Judicial Dist., Boyle Cty., Ky.*, 735 F.2d 204 (6th Cir. 1984); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073 (11th Cir. 2014)).) In both *Thompson* and *Rodriguez*, the state responded to a habeas petition by filing an answer, to which the transcript obligations of Rule 5(c) attach. *See Thompson*, 427 F.3d at 265 ("[T]he Attorney General filed an answer to Thompson's [§ 2254] petition containing twenty Exhibits."); *Rodriguez*, 748 F.3d at 1075 ("The State filed its answer on May 5, 2011, arguing that Mr. Rodriguez's § 2254 petition should be denied."). Neither case involved – or says anything about the requirements for – a pre-answer motion to dismiss under Rule 4, which Williams filed here. *Cf. Thompson*, 427

F.3d at 268 ("[W]e examine the requirements for an answer to a habeas corpus petition under the Habeas Rules. . . . Habeas Rule 5 describes the mandatory contents of an answer."); *Rodriguez*, 748 F.3d at 1079 (noting "that when a District Court decides to dismiss a petition because of an obvious defect, it will likely do so without requiring an answer from the State at all . . . . In this scenario, service of exhibits will never come up." (citing Rule 5(a)).

*Sizemore*, which predated the 2004 amendments to the habeas rules, involved the grant of a habeas petition despite the state's inability file an answer at all, because a magistrate judge had converted a bail hearing into an evidentiary hearing without notice. *See* 735 F.2d at 205–06. *Sizemore* does not suggest that Williams was required to respond to Salvagno's petition with an answer in the first place; even if it did, the modern rules expressly authorized Williams to file a pre-answer motion to dismiss in response. *See* Rule 4, 5(a), § 2254 Rules.

None of the three cases Salvagno relies on indicates that a pre-answer motion to dismiss under Rule 4 must attach transcripts, and so his argument based on Rule 5(c) fails.[7] Because here Williams submitted a pre-answer motion to dismiss based on lack of subject matter jurisdiction, the transcript obligations in Rule 5 simply do not apply.

### 2.     Salvagno Has Waived Any Argument Based on Habeas Rule 5(c)

Even if it applied here, Salvagno has waived any argument based on Rule 5(c) of the § 2254 Rules. As discussed above, Rule 5(c) requires the respondent to "attach to the answer parts of the transcript that the respondent considers relevant." Rule 5(c), § 2254 Rules. Williams' motion to dismiss did not attach any transcripts, which should have been obvious to Salvagno, but

---

[7] Salvagno's additional argument, that the Court's rationale that Salvagno "failed to show that he did not have an opportunity to order these transcripts in connection with this petition, his previous habeas petitions, or his appeal from his conviction" was rejected in *Thompson*, 427 F.3d 263 and *Rodriguez*, 748 F.3d 1073 (ECF No. 20 at 6), is unpersuasive for the same reason: Both cases addressed the respondent's obligation under Rule 5(c) to attach transcripts to an answer, but Rule 5(c) simply does not apply to Williams pre-answer motion to dismiss.

he did not object to Williams' failure to attach transcripts at any point during the briefing on the motion to dismiss.  (ECF Nos. 7, 11, 14.)  Nor did he ask the Court to order that Williams furnish the transcripts at any point before the Court's ruling on the motion to dismiss.  Salvagno raised the Rule 5(c) objection only in his first motion for reconsideration.  (ECF No. 18 at 4–5, 7–8.)  None of Salvagno's four post-judgment motions provides any reason why he could not have raised the Rule 5(c) objection earlier.  (ECF Nos. 18, 20, 22, 24.)  Accordingly, any objection based on Rule 5(c) has been waived.  *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (per curiam) ("[A]rguments . . . raised for the first time in plaintiffs' motion for reconsideration . . . [a]re not properly presented to the district court."); *Preville v. PepsiCo Hourly Employees Ret. Plan*, 649 F. App'x 63, 64 (2d Cir. 2016) (summary order) (applying *Phillips* standard to *pro se* litigant).

### 3.     None of the Remaining Sentencing Records Would Alter the Result

The Court also declines to reconsider its denial of Salvagno's request that he be furnished with the remaining twelve sentencing records because Salvagno provides no reason to believe that any of them would alter the result.  (*See* ECF No. 18 at 13 (citing ECF Nos. 374, 384, 385, 387, 391, 392, 393, 394, 402, 430, 443, 444, 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.)); ECF No. 23 (providing ECF Nos. 1117, 1118, 02-cr-00051-LEK (N.D.N.Y.).)  Ten of those records (*see* ECF No. 18 at 13 (citing ECF Nos. 374, 384, 385, 387, 391, 392, 393, 402, 430, 443, 02-cr-00051-LEK (N.D.N.Y.)) could not have affected the Court's ruling on his petition because the Court's decision simply did not rely on them.  (*See generally* ECF No. 16.)  Although the Court's decision did cite the remaining two sentencing records (*see* ECF No. 16 at 2 n.1)[8] – specifically, the Government's

---

[8] The Court corrects one citation error in the decision on the motion to dismiss.  Although footnote 1 of the Court's ruling cited ECF No. 402, that reference should instead be to ECF No. **444,** 02-cr-00051-LEK.  Although both appear to be transcripts of the sentencing proceedings held on 12/23/2004 (which Salvagno himself appears to recognize, *see* ECF No. 18 at 13), the

sentencing memorandum and the December 23, 2004 sentencing transcript (ECF Nos. 394, 444, *USA v. Salvagno et al.*, 02-cr-00051-LEK (N.D.N.Y.) – both of these records were publicly available on the docket when the parties filed their briefs on the motion to dismiss.

More fundamentally, Salvagno has made no showing, or even a specific allegation, as to why any of the twelve remaining sentencing records would overcome the "actual innocence" defect in his petition. Despite filing four post-judgment briefs, Salvagno has never asserted that the Court's conclusion that Salvagno did not assert innocence of any offense of conviction or innocence of any predicate offense on which his sentence was based would be somehow different if he were given the sentencing records requested. (*See generally* ECF Nos. 18, 20, 22, 24.) The Court has no reason to think that it would be.

### 4. Salvagno's Remaining Arguments

To the extent not already addressed above, Salvagno's remaining arguments as to why the Court should reconsider its denial of the twelve remaining sentencing records are easily dispatched.

Salvagno argues that this Court's denial is inconsistent with due process, relying on *Thompson* for the proposition that a respondent's failure to serve transcripts is "inconsistent with the Due Process Clause of the United States Constitution as well as the basic ten[ets] of our adversarial system." (ECF No. 20 at 7–8.) I disagree. The *Thompson* court stated, in a footnote, that its reading of Rule 5 as requiring a respondent to serve his answer on a habeas corpus petitioner was supported by the canon of constitutional avoidance. *Thompson*, 427 F.3d at 269 n.7. Rule 5 is not implicated here for the reasons discussed above, and so the case is inapplicable. But in any event, the Fourth Circuit did <u>not</u> hold in that case that the state's failure to comply with the habeas

---

earlier document (ECF No. 402, 02-cr-00051-LEK) is not publicly accessible and thus the Court did not review it.

rules was "inconsistent with Due Process," as Salvagno now claims. *Id.* at 267 ("Because we resolve this appeal on non-constitutional grounds, we need not reach Thompson's constitutional claims."). Rather, it found that avoiding potential constitutional concerns – namely, the implications of exempting habeas proceedings from the general requirements of service and permitting exhibits to be communicated to the court *ex parte* – supported its reading of Rule 5. *Id.* at 269 n.7. Those concerns are not implicated here, where Williams served everything she filed on Salvagno and did not communicate anything to the Court *ex parte*.

Next, Salvagno contends that his inability to access the transcripts deprives him of a meaningful opportunity to be heard, because he cannot effectively point out which portions of the testimony are false and is deprived of notice of the "totality of the evidence" presented at the sentencing hearing. (ECF No. 20 at 8–10.) But he has been free to request a copy of the publicly available transcripts from the sentencing court for years, and he was on notice of the "totality of the evidence" since he was presumably present at the sentencing hearing. *United States v. Abuhamra*, which Salvagno relies on, is inapposite, because there the Second Circuit addressed "whether a district court may rely on evidence submitted by the government *ex parte* and *in camera* to deny bail," concluding it could not. 389 F.3d 309, 314, 332 (2d Cir. 2004). There was no *ex parte* evidence submitted here, and all the material Salvagno seeks is in the public record. Salvagno's reliance on *Espinosa* is misplaced for the same reasons, especially in light of Salvagno's failure to address even the two transcripts the Court sent to him. *Cf. Espinosa*, 559 U.S. at 276 (holding that where "a party is notified of a [bankruptcy] plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief.").

In summary, Salvagno fails to point to a "need to correct a clear error or prevent manifest injustice" or any other basis for reconsideration of the Court's previous ruling denying Salvagno's request as to the remaining sentencing transcripts.  *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (citation and internal quotation marks omitted).    Salvagno's motion for reconsideration is therefore DENIED.  (ECF No. 20.)

### C.    Motion to Amend After Receiving Sentencing Records

Salvagno's initial post-judgment motion also argues that the denial of "timely, fair, and meaningful notice of the evidence and arguments that the Court would utilize to dismiss his Petition" justifies an "opportunity to amend his Petition to address the purported defects with the benefit of the sentencing records."  (ECF No. 18 at 14.)  In other words, Salvagno asks to amend *after* he receives the fourteen sentencing records he requested, as described above.  (*Id.* at 13.) Because the Court denied the request for twelve of those fourteen records, his motion to amend is largely moot.  (*See* ECF No. 19.)

In any event, despite multiple opportunities, Salvagno has never specified how he would amend his petition.  His initial post-judgment motion argues only that he is entitled an opportunity to address unspecified "purported defects" in the Court's decision.   (ECF No. 18.)  His second and third post-judgment motions did not address the issue at all.  (ECF Nos. 20, 22.)  And even after Court ultimately provided two transcripts of Dr. Levin's testimony (ECF No. 23), Salvagno most recent filing still makes no showing of how he would amend his petition in light of the transcripts.  (*See* ECF No. 24 at 8–9 (arguing that only he was prejudiced by Williams' supposed failure to attach relevant sentencing records because it caused him to "unknowing[ly] forfeit[] . . . his opportunity to file an amended complaint" and he "would have filed an amended complaint that addressed the all of the defects that formed the basis of the Court's denial in response to the

[amend-now-or-never] Order without the additional burden of having to establish adequate grounds to vacate the . . . judgment against him").)

Even if Salvagno had provided those details, however, the Court would deny Salvagno's motion to amend on the merits as futile. Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where judgment had been entered, however, "[a] party seeking to file an amended complaint [ordinarily] must first have the judgment vacated or set aside pursuant to Fed.R.Civ.P. 59(e) or 60(b)," which I have declined to do here. *Ruotolo*, 514 F.3d at 191. However, the Second Circuit has recognized that "considerations of finality do not always foreclose the possibility of amendment, even when leave to replead is not sought until after the entry of judgment" and that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Williams*, 659 F.3d at 213; *Ruotolo*, 514 F.3d at 191. Accordingly, a post-judgment motion to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," though not delay alone. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Ruotolo*, 514 F.3d at 191 (mere delay not sufficient). Here, any motion to amend with the benefit of the sentencing records would be futile for the same reasons discussed above – Salvagno fails to explain how any amendment with the benefit of the sentencing transcripts could overcome the Court's conclusion that he does not make a cognizable claim of "actual innocence" under *Triestman*, *i.e.*, innocence of an offense of conviction or an offense on which his sentence was based. The Court would thus continue to lack subject matter jurisdiction, and so any

post-judgment amendment would be futile.  *See Williams*, 659 F.3d at 214 (remanding for determination of whether futility precludes post-judgment amendment).

In sum, Salvagno's request to amend his petition after he receives the requested sentencing records is largely moot, has never been explained, and would be futile in any event because Salvagno cannot make a cognizable claim of "actual innocence."  Accordingly, Salvagno's request to amend his petition is DENIED.  (ECF No. 18.)

## IV.    Conclusion

For the foregoing reasons, Salvagno's motion to vacate the judgment and to amend his petition, his motion for reconsideration of the Court's order denying his request for sentencing transcripts, and his motion to expedite ruling are DENIED.  (ECF Nos. 18, 20, 22.)


IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              June 27, 2019